# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MICHAEL D. HEILMAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MARCUS HARDY, *Warden*, )<br>)<br>Respondent. )<br>) | Case No. 11-cv-1054 |

# O P I N I O N  &  O R D E R

Before the Court is Petitioner Michael D. Heilman's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) and Memorandum in Support (Doc. 3). Also pending are Petitioner's Application for Leave to Proceed in forma pauperis (Doc. 2), and Petitioner's Motion for Appointment of Counsel (Doc. 4) and Memorandum in Support (Doc. 5). For the following reasons, the Application to Proceed in forma pauperis is denied, the Motion to Appoint Counsel is denied without prejudice, and Respondent will be ordered to respond to the Petition.

### PETITION FOR WRIT OF HABEAS CORPUS

In his Petition for Writ of Habeas Corpus, Petitioner alleges four grounds for relief. (Doc. 1). All of his stated grounds for relief involve allegations of ineffective assistance of counsel, either at trial or on direct appeal. (Doc. 1 at 5-10). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court has examined the Petition and cannot determine that Petitioner's claims have no merit. Therefore, Respondent will be directed to respond to the Petition.

## APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Petitioner has also filed an Application to Proceed in forma pauperis. (Doc. 2). Under 28 U.S.C. § 1915, the Court may allow a litigant to proceed without prepayment of fees or costs. The Motion is supported by an affidavit, and contains the information that is required by 28 U.S.C. § 1915(a)(1). In addition, the Court has received a copy of Petitioner's trust fund account ledger for the last six months from Hill Correctional Center (Doc. 2), as required by 28 U.S.C. § 1915(a)(2). The certification from an officer of the Stateville Correctional Center and Petitioner's trust fund account ledger belie the assertion that Petitioner cannot pay the $5.00 filing fee. Both indicate that Petitioner has $161.39 in his prison trust fund account. (Doc. 2 at 3). Therefore, the Court finds that Petitioner is able to pay the $5.00 filing fee.

## MOTION TO APPOINT COUNSEL

Finally, Petitioner has submitted a Motion for Appointment of Counsel. (Doc. 4). Civil litigants are not entitled to a court appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). After a litigant has made such an attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id*. at

2

655-56, 660. On the form Petitioner filled out seeking appointment of counsel, there is a question regarding previous attempts to retain counsel; Petitioner left it blank. (Doc. 4). Nor did Petitioner address his own attempts to obtain counsel in his corresponding Memorandum of Law. (Doc. 5). Accordingly, the Court finds that Petitioner has not made the threshold attempt of securing counsel without Court intervention, and therefore will not be appointed an attorney.

In addition to appointment of counsel under 28 U.S.C. § 1915, the Court may appoint counsel in a 28 U.S.C. § 2254 case if discovery is required, and must appoint counsel if an evidentiary hearing is set. *See* Rules Governing Section 2254 Cases in the United States District Courts 6 and 8. Counsel may also be appointed if "the court determines that the interest of justice so require." 18 U.S.C. § 3006A. None of these are applicable at this point in time; the Court will revisit the issue of appointment of counsel under these provisions if it later becomes necessary.

## Conclusion

IT IS THEREFORE ORDERED:

1. The Clerk SHALL cause a copy of the Petition (Doc. 1) to be served upon Respondent.

2. Respondent SHALL file an answer or other response within sixty (60) days after service of the Petition. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims

and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

3. Petitioner MAY file a reply to Respondent's response within thirty (30) days of being served with Respondent's response.

4. Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

5. Petitioner's Motion to Proceed in forma pauperis (Doc. 2) is DENIED.

6. Petitioner SHALL submit the applicable filing fee within 28 days of the date of this Order, or his Petition will be dismissed.

7. Petitioner's Motion for Appointment of Counsel is DENIED WITHOUT PREJUDICE.

Entered this 18th day of February, 2011.

             s/ Joe B. McDade
             JOE BILLY McDADE
           United States Senior District Judge