IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL D. HEILMAN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    No. 11-cv-3079 |
| | ) |
| MARCUS HARDY, | ) |
| | ) |
|     Respondent. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

    The Petitioner, Michael D. Heilman, was charged by information in the Circuit Court of Mason County, Illinois with having a sexual relationship with two minors who babysat his children.

    In late June 2006, the Petitioner was admonished that if he did not appear at his July 10, 2006 jury trial, he could be tried *in absentia*. The Petitioner did not appear at the jury trial and he was tried *in absentia*. The jury found him guilty of three counts of criminal sexual assault, and one count of indecent solicitation of a child. The court issued a warrant for the Petitioner's arrest after he was found guilty of the offenses.

1

On September 7, 2006, the trial court held a sentencing hearing and, again, the Petitioner was not present.  The court sentenced the Petitioner *in absentia* to three ten-year terms of imprisonment and one five-year term of imprisonment, all to run consecutively.

The Petitioner was apprehended in Texas, and was transported to Mason County, Illinois.  The Circuit Court of Mason County informed the Petitioner of his sentence on November 16, 2006.

After post-sentencing motions were resolved, the Petitioner appealed to the Appellate Court of Illinois, Fourth Appellate District.  The Appellate Court affirmed the judgment of the Circuit Court of Mason County in an eight-page unpublished order on October 12, 2007.

The Petitioner filed a petition for rehearing, which the Appellate Court denied on November 2, 2007.  The Appellate Court's notice of November 7, 2007, stated: "The mandate of this court will issue 35 days from today unless a petition for leave to appeal is filed in the Illinois Supreme Court."  There is no record of the Petitioner filing a petition for leave to appeal in the Supreme Court of Illinois.

The Petitioner's pro se post-conviction petition was signed on June 20, 2008, and was received by the Circuit Clerk of Mason County on June 25, 2008. The Circuit Court of Mason County denied the petition on September 22, 2008. The Appellate Court affirmed the Circuit Court's decision on September 3, 2009.

The Petitioner filed a petition for leave to appeal, which the Supreme Court of Illinois denied on January 27, 2010. He did not seek review before the Supreme Court of the United States.

The Petitioner signed the Petition on January 24, 2011, and it was received by the U.S. District Court Clerk's Office in Peoria, Illinois on February 11, 2011. Case Number 11-cv-1054 was assigned, and U.S. District Judge Joe Billy McDade presided initially, followed by U.S. District Judge James E. Shadid. On March 23, 2011, Judge Shadid transferred the case to the Springfield Division, where it was assigned Case Number 11-cv-3079.

The Respondent's Motion for Summary Judgment was filed on April 26, 2011. After the Court granted numerous enlargements of time,

the Petitioner filed a Response on January 17, 2012. The Respondent did not file any Reply.

The Respondent's Motion for Summary Judgment is allowed for the following reasons.

I.

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the Rules Governing Section 2254 Cases.

"Summary judgment is appropriate when the evidence submitted, viewed in the light most favorable to the non-moving party, shows 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009) (quoting Fed. R. Civ. P. 56(c) and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

In order to survive summary judgment, there must be sufficient evidence that a reasonable factfinder could return a verdict for the nonmoving party. *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406-407 (7th Cir. 2009).

"[A] motion for summary judgment requires the responding party to come forward with the evidence that it has - it is the 'put up or shut up' moment in a lawsuit." *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009) (quotation marks omitted). Although inferences are drawn in favor of the nonmoving party, inferences relying on speculation or conjecture are insufficient. *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009).

## II.

### A.

AEDPA provides, in part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Court notes that the Petitioner has not alleged that § 2244(d)(1)(B), (C), or (D) apply in this case. Therefore, the Court will look to § 2244(d)(1)(A).

The Petitioner's conviction became final 35 days after the Appellate Court denied his petition for rehearing, because he did not file a petition for leave to appeal in the Supreme Court of Illinois. *See* Ill. Sup. Ct. R. 315(b); *Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000). The petition for rehearing was denied on November 7, 2007, so December 12, 2007 is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

B.

AEDPA contains a tolling provision that protects petitioners as they seek review in state post-conviction proceedings. "The time during which a properly filed application for State post-conviction or other

6

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

To determine when the state post-conviction proceeding was pending, the Court looks to state law. *See Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002).

The Court will use the date the Petitioner signed the post-conviction motion—June 20, 2008—as the date the proceedings were initiated, instead of the date the filing was received by the Circuit Clerk of Mason County—June 25, 2008. *See People v. Saunders*, 261 Ill. App. 3d 700, 702-03 (2d Dist. 1994) (mailbox rule recognized in Illinois state courts).

Although the time that the state post-conviction application is pending is tolled, the time to prepare the application is not tolled. Therefore, the period between December 12, 2007 and June 20, 2008 is not tolled.

The post-conviction proceedings ended on January 27, 2010, when the Supreme Court of Illinois denied the petition for leave to appeal.[1]

Accordingly, the period between June 20, 2008 and January 27, 2010 is tolled due to the pendency of the Petitioner's state post-conviction petition. 28 U.S.C. § 2244(d)(2).

## C.

The Petition is untimely. 191 days ran between the conclusion of direct review and the filing of the state post-conviction petition. In addition, 362 days elapsed between the denial of his petition for leave to appeal by the Supreme Court of Illinois and the filing of the Petition in this Court.

Thus, the Petition was filed after the one-year limitation period had expired.

## III.

The only way that the Petition could go forward is if the Petitioner could establish that he is entitled to equitable tolling. Courts may apply

---

[1] There is no need to calculate additional time to apply for a writ of certiorari, because seeking Supreme Court review of state post-conviction proceedings does not toll the limitation period. *See Lawrence v. Florida*, 549 U.S. 327, 331-333 (2007).

the doctrine of equitable tolling to excuse the untimely filing of a habeas corpus petition. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). This is a daunting task, because equitable tolling is considered to be an extraordinary form of relief, and it is rarely granted. *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

"In deciding that the AEDPA limitations period should be equitably tolled, the district court must determine that the petitioner has pursued his rights diligently and extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Supreme Court has stated that the doctrine of equitable tolling is to be applied on a case-by-case basis, and that instead of focusing on mechanical rules, the analysis should be flexible. *Holland*, 560 U.S. at 2563. The Supreme Court noted that this flexible approach allows courts to tackle new situations and provide relief to particular injustices. *Id.* (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944)).

9

In his Response, the Petitioner has argued that he is entitled to equitable tolling for three reasons.

First, he argues that the filing of his state post-conviction petition was delayed because he had to wait 44 days to receive a copy of the transcript of the trial court proceedings. He argues that his need for the transcripts was especially acute, because he was tried *in absentia*.

Second, the Petitioner contends that the filing of his state post-conviction petition was further delayed because he received information that one of the victims had recanted her testimony, and it took approximately six months to obtain documentation. An individual acting on the Petitioner's behalf executed an affidavit describing conversations with the mother of one of the victims. The Petitioner attached a copy of the affidavit to the Response.

Third, the Petitioner claims he has faced significant challenges in preparing his pro se filings because he has limited access to legal research materials at Stateville Correctional Center. The Petitioner explains that the institution is frequently locked down, preventing legal research. In addition, the Petitioner is classified as a protective custody inmate, and,

due to security concerns, he is only permitted to visit the law library every three to five weeks.  The Petitioner also states that the institution's policy is to limit legal research requests made through the institutional mail system to no more than five statutes or cases per request.

Courts have declined to grant equitable tolling to petitioners who did not have access to transcripts, or whose receipt of transcripts was delayed, *see Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (collecting cases), or to an Illinois Department of Corrections inmate who had limited access to the institution law library, *see Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006).

After carefully considering the Petitioner's request for equitable tolling, the Court concludes that he is not eligible for relief.  The Petitioner has failed to persuade the Court that the issues raised constitute "extraordinary circumstances."  Furthermore, it does not appear that the Petitioner was diligent in pursuing his rights, as he delayed filing the Petition until the eve of what he erroneously believed

was the filing deadline.[2]  *See Lash v. Rednour*, 719 F. Supp. 2d 1014, 1019 (C.D. Ill. 2010).

IV.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Proceedings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "An applicant has made a substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Arredondo v. Huibregste*, 542 F.3d 1155, 1165 (7th Cir. 200) (quotation marks omitted).

---

[2] The Supreme Court of Illinois denied the petition for leave to appeal on January 27, 2010, and the Petitioner signed the Petition on January 24, 2011. It does not appear that the Petitioner realized his filing was untimely. In the Petition, the Petitioner failed to respond to Question No. 18, which states: "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain [why] the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition."

12

The Supreme Court has given the following guidance regarding certificates of appealability when petitions are denied on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of availability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court went on to note that when a district court disposes of a case because of a plain procedural bar, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Reasonable jurists would not dispute that the Petition is time-barred, and that the Petitioner does not qualify for equitable tolling. In addition, reasonable jurists would not find it debatable whether the Petitioner has stated a valid claim for the denial of a constitutional right.

Accordingly, the Court will not issue a certificate of appealability. If the Petitioner wishes to appeal this Court's ruling, he must seek a

certificate of appealabilty from the Court of Appeals under Federal Rule of Appellate Procedure 22.

V.

*Ergo*, the Respondent's Motion for Summary Judgment is ALLOWED.

The Petition is DENIED as time-barred.

The Court declines to issue a certificate of appealability.

The Clerk is directed to prepare a written judgment and close this case.

IT IS SO ORDERED.

ENTER: March 27, 2012

FOR THE COURT:  */s/ Richard Mills*
                   _____
                   Richard Mills
                   United States District Judge